UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NORTH CAROLINA,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES RICHARD SOWELL, M.D. and JAMES RICHARD SOWELL, M.D. d/b/a HEALTH-PRO MENTAL HEALTH SERVICES, PLLC,<br><br>Defendants. | CASE NO. 3:13 CV 203 |

**PROTECTIVE ORDER GOVERNING THE**
**DISCLOSURE OF HEALTH INFORMATION**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

(1) **Production of Health Information By The Government That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102–164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.** The United States and the State of North Carolina (together the "Government") may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number and Medicaid Number) to defendants, pursuant to defendants' discovery requests. The information produced may be

subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity in addition to the Government. The Government shall produce these documents unredacted to the defendants. Upon producing these documents to the defendants, the Government shall designate them as "confidential" in the manner set forth in paragraph 2, below. The defendants, including defendants' counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the Form of Acknowledgment attached to this Order. The defendants shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, defendants shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the Government, or shall destroy them and certify in writing to counsel for the Government that the documents have been destroyed.

(2) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the Government shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER."

(3) **Confidential Health Information in Depositions.** Parties may show deponents designated confidential documents. However, efforts should first be made, if practicable, to

conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information if the deponent has not signed the Form of Acknowledgement. The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

(4) **Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(5)     **Filing of documents.**  The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

(6)     **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Protective Order, from challenging the designation of any documents or information as Confidential Health Information, or from objecting to discovery that it believes to be otherwise improper.

(7)     In the event counsel for the party receiving materials designated as Confidential Health Information objects to the designation, said counsel shall advise the party producing the materials, in writing, preferably by facsimile or electronic mail, of such objection and the reasons therefore.  Pending resolution of the dispute, all of the materials shall be treated as designated.  Counsel will attempt to resolve the dispute within five (5) business days.  If the dispute cannot be resolved among counsel, the party objecting to the designation of a document as Confidential Health Information shall submit a motion objecting to such designation with the Court.  The burden to sustain the designation is upon the designating party.

(8)     **No Waiver.**  The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(9)     **No Ruling on Discoverability Nor Admissibility.**  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

**SO ORDERED**.

Signed: July 24, 2013

David C. Keesler
United States Magistrate Judge

Consented to by:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY
**s/Jonathan H. Ferry**
Jonathan H. Ferry
Assistant United States Attorney
Western District of North Carolina
NC State Bar No. 39117
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Phone: 704-344-6222
Fax: 704-227-0248
E-mail: jonathan.ferry@usdoj.gov

THE STATE OF NORTH CAROLINA

ROY COOPER
ATTORNEY GENERAL

**s/Stacy M. Race**
Stacy M. Race
Assistant Attorney General
N.C. State Bar No. 31743
Medicaid Investigations Division
5505 Creedmoor Rd., Suite 300
Raleigh, N.C. 27612
Phone: 919-881-2345
Fax: 919-571-4837
Email: SRace@ncdoj.gov


FOR THE DEFENDANTS

**s/Eric H. Cottrell**
Eric H. Cottrell
N.C. State Bar No. 21994
James C. Lesnett, Jr.
N.C. State Bar No. 36232
**PARKER POE ADAMS & BERNSTEIN LLP** Three Wells Fargo Center
401 S. Tryon Street, Suite 3000
Charlotte, NC 28202
Phone: (704) 372-9000
Fax: (704) 334-4706
Email: ericcottrell@parkerpoe.com

<u>ATTACHMENT</u>

UNITED STATES DISTRICT COURT<br>
WESTERN DISTRICT OF NORTH CAROLINA<br>
CHARLOTTE DIVISION

CASE NO. 3:13 CV 203

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NORTH CAROLINA,<br><br>        Plaintiffs,<br><br>  v.<br><br>JAMES RICHARD SOWELL, M.D.; JAMES RICHARD SOWELL, M.D. d/b/a HEALTH-PRO MENTAL HEALTH SERVICES, PLLC; and HEALTH-PRO MENTAL HEALTH SERVICES, PLLC,<br><br>        Defendants. | |

ACKNOWLEDGMENT OF PROTECTIVE ORDER

I have read and understand the Order Regarding Confidentiality ("Order") entered in this action on July __, 2013. I hereby agree to be bound by the terms of the Order. Specifically, I agree that I will use stamped confidential documents and any information contained therein only for purposes of this case, including any appeals, and not for any other purpose of any kind; that I will return all stamped confidential documents to counsel within thirty (30) days after the later of the termination of this litigation or expiration of all rights to appeal; that I will take all appropriate steps to keep the stamped confidential documents and any information contained therein confidential. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for Western District of North Carolina, in the above-captioned case for purpose of enforcing the aforementioned Order.

 

_____
[signature]

DATED:_____     _____
                                                                         [print name]