IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-203-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF NORTH CAROLINA, <br> <br> Plaintiffs, <br> <br> v. <br> <br> JAMES RICHARD SOWELL, M.D., <br> JAMES RICHARD SOWELL M.D. d/b/a <br> HEALTH-PRO MENTAL HEALTH <br> SERVICES, PLLC, and HEALTH-PRO <br> MENTAL HEALTH SERVICES, PLLC, <br> <br> Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the State of North Carolina's "Motion To Compel Defendants' Discovery Responses" (Document No. 43); the Government's "Motion For Modification Of Scheduling Order" (Document No. 44); and the Government's "Motion For Leave To File A Second Amended Complaint" (Document No. 45). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions.

## BACKGROUND

The United States of America ("United States") and the State of North Carolina ("the State") (together, "Plaintiffs" or "the Government") initiated this action with the filing of a "Complaint" (Document No. 1) on March 28, 2013. The Complaint seeks

> treble damages and civil penalties against Defendants James Richard Sowell, M.D. ("Defendant Sowell"), and Defendant James Richard Sowell, M.D. d/b/a Health-Pro Mental Health Services, PLLC ("Defendant HPMHS") (collectively, "Defendants") pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, the North Carolina False Claims Act, N.C.G.S. §§ 1-605 *et seq.*, the North Carolina Medical Assistance Provider False Claims Act §§ 108A-70.10 *et seq.* and to recover all available damages, restitution and other monetary relief under the common law theories of unjust enrichment, payment by mistake, and recoupment.

(Document No. 1, pp.1-2). The Government asserts that this action arises out of Defendants' billing and submission of false claims by and through Defendant HPMHS. (Document No. 1, p.2). The "Answer Of Defendants James Richard Sowell, M.D. And Health-Pro Mental Health Services, PLLC" (Document No. 11) was filed on May 28, 2013.

On June 18, 2013, the Government's "Amended Complaint" (Document No. 15) was filed as a matter of course, adding Defendant Health-Pro Mental Health Services, PLLC. The "Answer Of Defendants James Richard Sowell, M.D., Individually And Doing Business As Health-Pro Mental Health Services, PLLC And Health-Pro Mental Health Services PLLC To Plaintiffs' Amended Complaint" (Document No. 17) was filed on July 5, 2013.

The Court then allowed a series of consent motions seeking to stay this matter pending a criminal investigation of Defendant Sowell. (Document Nos. 21, 25, and 27). On March 21, 2014, the Court ordered that the stay be lifted, and that the parties should file a Certification of Initial Attorney's Conference on or before April 8, 2014. (Document No. 32). Following receipt of the CIAC, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 35) on April 11, 2014. The "…Case Management Plan," *inter alia*, set the following deadlines: Discovery Completion - February 6, 2015; Mediation - February 6, 2015; Dispositive Motions - March 20, 2015; and Trial - July 6, 2015. (Document No. 35, p.1).

On November 6, 2014, the Government filed a consented to "Motion To Amend Scheduling Order" (Document No. 38) proposing to extend only the expert report deadlines. The next day, the Court allowed the motion, and set the deadlines for expert reports as December 19, 2014, and for rebuttal reports as January 20, 2015. (Document No. 39). On December 16, 2014, the Government filed a "Notice Of Need To File For Further Adjustment Of Scheduling Order" (Document No. 41). The "Notice…" advised the Court that expert reports could not be timely produced based on on-going "discovery issues relate to patient medical records." (Document No. 41).

On February 5, 2015, Plaintiffs filed the pending "Motion To Compel Defendants' Discovery Responses" (Document No. 43); "Motion For Modification Of Scheduling Order" (Document No. 44); and "Motion For Leave To File A Second Amended Complaint" (Document No. 45). These motions have been fully briefed and immediate review is appropriate.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

# DISCUSSION

## A. Motion To Compel

### 1. Patient Records (Request No. 1)

Plaintiffs aver that despite repeated efforts and nearly four (4) months of negotiation, Defendants have failed to produce critical information. (Document No. 46, p.5). First, Plaintiffs contend that Defendants have not produced important medical records. Id. Plaintiffs note that in response to the State's Request For Production Of Documents No. 1, seeking all patient files, Defendants responded with objections, but purportedly, "Dr. Sowell provided all patient files from 2007 through 2011." (Document No. 46, p.6) (citing Document No. 46-4, p.7).

Plaintiffs note that Defendants' responses were produced in a format – FileMaker Pro – that was flawed and/or inaccessible to Plaintiffs. (Document No. 46, pp.6-8). Plaintiffs assert that they explained the deficiencies of this format prior to production, and then demonstrated the problems in-person to Defendant Sowell on October 8, 2014. Id. According to Plaintiffs, the parties then reached an agreement regarding the patient files:

> After a lengthy discussion the Government agreed to substantially reduce the number of patient records requested and Defendants agreed to produce the full patient files in electronic PDF format (hereinafter, "PDF") or on paper. The Government requested production of 155 patient files from Defendants. This equates to less than 4% of Defendants' patient population.
>
> The parties also agreed that Defendant Sowell would produce this information in two to four weeks and that the parties agreed to "adjust discovery deadlines … to allow us to depose Dr. Sowell and have our expert reports completed."

(Document No 46, p.8) (citing Document No. 46-8, p.3; Document No. 46-12, pp.2-3).

Plaintiffs contend that on December 1, 2014, Defendants produced another series of FileMaker Pro files, but failed to produce the PDF files as agreed. (Document No. 46, p.8).

Plaintiffs assert that these files were also flawed.  Id.  On January 5, 2015, Defendants' counsel agreed to immediately send the requested medical records in PDF.  (Document No. 46, p.9; Document No. 46-15, p.2).

According to Plaintiffs, on January 21, 2015, Defendant Sowell testified at his deposition that he had not supplied the Government with all of his records for each of the patients on the Government's list.  (Document No. 46, p.10).  Plaintiffs argue that based on Defendants' incomplete production, "the Government does not have a certified full copy of the medical records for the sample patient population to submit to their experts for review and Defendant Sowell does not plan to provide one."  Id.

In opposition to the motion to compel, Defendants contend that they "have complied with all the government's discovery requests." (Document No. 51, p.2).  Moreover, Defendants assert that Dr. Sowell has provided not only his database and FileMaker Pro system, but his personal computer as well.  Id.  Defendants suggest that Plaintiffs' inability to access certain documents "is simply not Defendant's problem."  Id.  Defendants also take issue with Plaintiffs' recollection of Dr. Sowell's testimony, and assert instead that Sowell testified that he had produced all his medical records for all his patients.  (Document No. 51, p.3).  Defendants conclude they can do no more.  (Document No. 51, p.4).

In reply, Plaintiffs note that Defendants "ignore their October 8, 2014 agreement to produce medical records in PDF or paper format."  (Document No. 52, pp.6-7) (citing Document Nos. 46-12; Document No. 52-1).  Plaintiffs argue that they reasonably relied on Defendants' repeated agreements to produce medical records for the sample patient population.  (Document No. 52, p.7).

In addition, Plaintiffs argue that Defendants' selected quotes from Sowell's January 21, 2015 deposition should not be accepted to cast doubts on the terms of the October Agreement.  Id.

Plaintiffs contend that Sowell's testimony establishes that he knew his previous productions were insufficient, unacceptable, and that the complete medical records were never produced as agreed. (Document No. 52, pp.7-9) (citing Document No. 52-2). Plaintiffs argue that Defendants have had close to three (3) months to produce the medical records for less than 4% of their patient population, but have still not produced full files. (Document No. 53, p.9).

The undersigned finds the Government's arguments and authority persuasive. Moreover, Defendants' failure to effectively address the alleged October Agreement, and their over-stated theory that it is "not their problem" that responses they have allegedly provided are inaccessible to Plaintiffs in the current format, are not helpful to their position. It remains unclear why Defendants apparently agreed to produce *all* patient files from 2007 through 2011 in the Filemaker Pro format, but refuse to provide Plaintiffs with less than 4% of the requested files in a format that is usable by Plaintiffs. See (Document No. 46, p.6) (citing Document No. 46-4, p.7); see also, Fed.R.Civ.P. 34 (a)(1)(A) (a party may request documents "stored in any medium . . . or, if necessary, after translation by the responding party into a reasonably usable form").

In short, the undersigned finds that the purported agreement that Defendants would provide full patient files for 155 patients in PDF or on paper, is a reasonable response to Document Request No. 1. See (Document No. 46, p.8). Defendants, therefore, shall provide the full and complete files for the 155 patients identified by Plaintiffs, in PDF format or on paper, on or before **April 20, 2015**.

    **2. Communications with Sowell, Sanders, and Cassidy (Request Nos. 3, 9, and 10)**

Next, Plaintiffs contend that Defendants have provided inadequate responses to their requests for communications to or from Defendants HPMHS or Sowell, to or about Susan Sowell, George Saunders, and John Cassidy. (Document No. 46, pp.10-13); see also, Document No. 46-

7

4, pp.8-10). Plaintiffs argue that any communication between Defendants and these individuals related to their work for Defendant HPMHS is relevant to this action. (Document No. 46, pp.12-13).

It appears that Defendants have declined to respond to Plaintiffs' motion to compel this information. (Document No. 51). As such, and finding that the requests appear reasonably calculated to lead to the discovery of admissible evidence, the undersigned will direct Defendants to provide full and complete responses to Document Request Nos. 3, 9, and 10. Defendants shall provide responses on or before **April 20, 2015**.

**3. Charges submitted for ACTT and MCO services (Request Nos. 15 and 16)**

Request for Document Nos. 15 and 16 seek all charges for time submitted to managed care organizations ("MCO") and for any Assertive Community Treatment Teams ("ACTT") from January 1, 2008 to August 31, 2014. (Document No. 46-4, p.11). Plaintiffs offer almost no explanation for what they now seek to compel and/or how Defendants' responses to date are deficient. (Document No. 46, pp.11, 13). Defendants declined to respond to this portion of the motion. (Document No. 51). Moreover, Plaintiffs' "Reply…" does not seem to address this issue at all. (Document No. 52).

The parties' briefing, or lack thereof, gives the Court little support for granting or denying the motion to compel further responses to Document Request Nos. 15 and 16. Nevertheless, Defendants are directed to supplement their responses, if they have additional information responsive to Document Request Nos. 15 and 16, on or before **April 20, 2015**.

**4. Repayments to Medicare and/or Medicaid (Request No. 17)**

Plaintiffs have also requested "[a]ll documents relating to repayments made to Medicaid or Medicare since January 2008." (Document No. 46-4, p.11). Defendants have originally responded "Dr. Sowell has previously provided responsive documents." <u>Id.</u>

By the instant motion, Plaintiffs assert that Defendants' response is "inadequate in that it does not identify what documents have supposedly been previously produced or certify that those are all the documents responsive to the request." (Document No. 46, p.14). Defendants have again declined to include any specific response to Plaintiffs' argument in their "…Memorandum In Opposition…" (Document No. 51).

Defendants are directed to identify the responsive documents they have produced to date, and confirm that their production is full and complete as to this request, on or before **April 20, 2015**.

## 5. Telephone Statements (Requests No. 25)

Finally, Plaintiffs seek to compel further response by Defendants regarding Document Request No. 25 seeking phone logs for "all phones used by Defendant Sowell for the provision of patient care and supervision of professionals who billed their services through Defendant Health-Pro Mental Health Services, PLLC." (Document No. 46-4, p.13); (Document No. 46, pp.11, 13). Plaintiffs allege that Defendants' counsel has offered to provide responsive documents, but has failed to do so, or to otherwise supplement Defendants' response. (Document No. 46, p.14). Defendants again fail to provide any response or explanation in their opposition. (Document No. 51).

Based on the foregoing, Defendants shall provide relevant phone records/statements on or before **April 20, 2015**.

## B. Motion To Amend Scheduling Order

Based on the discovery delays related to the motion to compel, Plaintiffs request that the Court amend the scheduling order to ensure the Government has sufficient time to analyze the compelled discovery. (Document No. 44; Document No. 46, pp.16-17).

Defendants argue that the motion to amend the scheduling order should be denied. (Document No. 49). Defendants assert that this case has been pending for two years and the Government has had five years to build its case. (Document No. 49, p.2). According to Defendants:

> At some point, enough is enough. At some point, cases need to be tried. The instant case is at that point. This case needs to be tried, and needs to be tried in July.

(Document No. 49, p.3).

In reply, Plaintiffs contend that Defendants' position that they have cooperated fully and in good faith is belied by the facts. (Document No. 52, p.14). Plaintiffs then re-assert that it is Defendants' delays that necessitate amending the scheduling order. Id.

The undersigned observes that although this action was initiated almost two (2) years ago, the "…Case Management Plan" (Document No. 35) that set forth Court-sanctioned discovery was issued less than one (1) year ago. Moreover, it appears that the deadlines for expert reports, discovery completion, and a mediation report have all passed, without those tasks being fully performed.

The undersigned notes that Defendants make a strong statement that this case "needs to be tried in July," but they offer no support for why this case *needs* to be tried in July. (Document No. 49, p.3). Defendants' recent urgency for resolution of this case is somewhat inconsistent with the record to date.

Based on the foregoing, the undersigned finds good cause to amend the deadlines in this matter as set forth below.

**C. Motion To Amend Complaint**

Plaintiffs' final pending motion seeks leave to file a Second Amended Complaint. (Document No. 45; Document No. 46, pp.17-25). Plaintiffs argue that they have recently obtained information regarding Defendants' activities and business practices that were not available previously, in part due to Defendants' failure to produce discovery. (Document No. 46, p.17).

Defendants oppose the motion to amend the complaint, primarily asserting that it is untimely because it comes too close to trial. (Document No. 50). Based on the Court's decision to compel discovery, and to amend the scheduling order, the undersigned finds that most, if not all, of Defendants' arguments in opposition are moot.

For good cause shown, the Court will allow Plaintiffs to file a Second Amended Complaint. See (Document No. 46, pp.17-25).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the State of North Carolina's "Motion To Compel Defendants' Discovery Responses" (Document No. 43) is **GRANTED**, as more fully described herein.

**IT IS FURTHER ORDERED** that the Government's "Motion For Modification Of Scheduling Order" (Document No. 44) is **GRANTED**. The deadlines in this case are revised as follows: Expert Reports - May 20, 2015; Rebuttal Reports - June 5, 2015; Discovery Completion - June 19, 2015; Mediation Report - June 29, 2015; Dispositive Motions - July 15, 2015; Trial - November 2, 2015.

**IT IS FURTHER ORDERED** that the Government's "Motion For Leave To File A Second Amended Complaint" (Document No. 45) is **GRANTED**. Plaintiffs may file a Second Amended Complaint on or before **March 30, 2015**.[1]

**SO ORDERED**.

Signed: March 23, 2015

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."