IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-203-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NORTH CAROLINA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) ORDER<br>) |
| JAMES RICHARD SOWELL, M.D., JAMES RICHARD SOWELL M.D. d/b/a HEALTH-PRO MENTAL HEALTH SERVICES, PLLC, and HEALTH-PRO MENTAL HEALTH SERVICES, PLLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Defendants' Motion To Quash Deposition Subpoena And To Modify Production Of Documents On Behalf Of Sidewinder, LLC" (Document No. 68). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

### BACKGROUND

The United States of America ("United States") and the State of North Carolina ("the State") (together, "Plaintiffs" or "the Government") initiated this action with the filing of a "Complaint" (Document No. 1) on March 28, 2013. The Complaint seeks

> treble damages and civil penalties against Defendants James Richard Sowell, M.D. ("Defendant Sowell"), and Defendant James Richard Sowell, M.D. d/b/a Health-Pro Mental Health Services, PLLC ("Defendant HPMHS") (collectively, "Defendants") pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, the North Carolina False Claims Act, N.C.G.S. §§ 1-605 *et seq.*, the North Carolina Medical Assistance Provider False Claims Act §§ 108A-

> 70.10 *et seq.* and to recover all available damages, restitution and other monetary relief under the common law theories of unjust enrichment, payment by mistake, and recoupment.

(Document No. 1, pp.1-2). The Government asserts that this action arises out of Defendants' billing and submission of false claims by and through Defendant HPMHS. (Document No. 1, p.2). The "Answer Of Defendants James Richard Sowell, M.D. And Health-Pro Mental Health Services, PLLC" (Document No. 11) was filed on May 28, 2013.

On June 18, 2013, the Government's "Amended Complaint" (Document No. 15) was filed as a matter of course, adding Defendant Health-Pro Mental Health Services, PLLC. The "Answer Of Defendants James Richard Sowell, M.D., Individually And Doing Business As Health-Pro Mental Health Services, PLLC And Health-Pro Mental Health Services PLLC To Plaintiffs' Amended Complaint" (Document No. 17) was filed on July 5, 2013.

The Court then allowed a series of consent motions seeking to stay this matter pending a criminal investigation of Defendant Sowell. (Document Nos. 21, 25, and 27). On March 21, 2014, the Court ordered that the stay be lifted, and that the parties should file a Certification of Initial Attorney's Conference on or before April 8, 2014. (Document No. 32). Following receipt of the CIAC, the Court entered a "Pretrial Order And Case Management Plan" (Document No. 35) on April 11, 2014. The "…Case Management Plan," *inter alia*, set the following deadlines: Discovery Completion - February 6, 2015; Mediation - February 6, 2015; Dispositive Motions - March 20, 2015; and Trial - July 6, 2015. (Document No. 35, p.1).

On November 6, 2014, the Government filed a consented to "Motion To Amend Scheduling Order" (Document No. 38) proposing to extend only the expert report deadlines. The next day, the Court allowed the motion, and set the deadlines for expert reports as December 19, 2014, and for rebuttal reports as January 20, 2015. (Document No. 39). On December 16, 2014,

the Government filed a "Notice Of Need To File For Further Adjustment Of Scheduling Order" (Document No. 41). The "Notice…" advised the Court that expert reports could not be timely produced based on on-going "discovery issues related to patient medical records." (Document No. 41).

On February 5, 2015, Plaintiffs filed a "Motion To Compel Defendants' Discovery Responses" (Document No. 43); "Motion For Modification Of Scheduling Order" (Document No. 44); and "Motion For Leave To File A Second Amended Complaint" (Document No. 45). Plaintiffs' motions were granted on March 23, 2015. (Document No. 53).

Plaintiff's "Second Amended Complaint" (Document No. 54) was filed on March 27, 2015. On April 20, 2015, the case deadlines were again revised as follows: "Expert Reports - June 10, 2015; Rebuttal Reports - June 26, 2015; Discovery Completion - July 10, 2015; Mediation Report - July 20, 2015; Dispositive Motions - August 5, 2015; Trial - November 2, 2015." (Document No. 62).

On or about May 14, 2015, the parties' mediator, Gary S. Hemric, sent a letter to the Court reporting that a settlement conference was held on May 13, 2015. (Document No. 65). The letter indicates that the parties failed to achieve a global settlement on that date, but expected to continue the mediation process. Id. Mr. Hemric further stated that his correspondence was a preliminary report and that he would provide a final report as soon as possible. Id. To date, a final mediation report has not been filed in this matter.

"Defendants' Motion To Quash Deposition Subpoena And To Modify Production Of Documents On Behalf Of Sidewinder, LLC" (Document No. 68) and a "Memorandum In Support…" (Document No. 69) were filed on June 26, 2015. "The State Of North Carolina's Opposition To Sidewinder, LLC's Motion To Quash" (Document No. 71) was

filed on June 29, 2015. Defendants and Sidewinder, LLC ("Sidewinder") have failed to file a reply brief, or notice of intent not to reply, and the time to do so has lapsed. See Local Rule 7.1 (E). As such, the pending motion is now ripe for review.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

## DISCUSSION

By the instant motion, Defendants and Sidewinder (together "Movants") seek "to quash a Subpoena and modify production of documents accompanying the Subpoena. (Document No. 69). The "Subpoena To Testify At A Deposition In A Civil Action" (the "Subpoena") is attached to the "Memorandum In Support…" and shows that it was issued by this Court on May 26, 2015, to "Sidewinder, LLC, Registered Agent Sowell, Susan Kay, . . . Lenoir, NC . . .," and required appearance and production of documents on June 12, 2015 in Raleigh, North Carolina. (Document No. 69, p.8). The Subpoena was served on Sidewinder on or about May 29, 2015, at its address in Lenoir, North Carolina and signed for by Defendant Sowell. (Document No. 71, p.6; Document No. 71-5).

4

Sidewinder is not a party to this case. (Document No. 69, p.3). However, Defendants' counsel asserts that he represents Sidewinder "for purposes of this Motion to Quash and Deposition." (Document No. 69, p.1, n.1).

Sidewinder was formed by Nick Sowell, the son of Defendant James Sowell and Susan Sowell. (Document No. 69, p.3). According to the Movants, Sidewinder was initially formed to "engage in real estate transactions, such as the purchase, refurbishing and sale of homes." Id. For a period of time, Sidewinder became a contractor for Defendant HPMHS and provided various services including: "file maker server operations;" "computer training;" work on "a Gold Shield anti-bacteria and fungus product;" coordination of "test projects;" developer of "File Maker HER;" "set up meetings and coordinate[d] with facilities for Powell and Sowell;" and "trained Eddie Powell on Health-Pro computers." Id.

The Movants note that the Subpoena "requires Sidewinder to 'designate one or more persons to consent to [appear] on your behalf and testify regarding the following [subjects]' which are listed on Attachment A to the Subpoena." (Document No. 69, p.4) (quoting Document No. 69, p.11). Movants contend that "Sidewinder would designate Nick Sowell to testify," but he lives and works in Washington, D.C. and therefore, the Subpoena violates Rule 45(c). (Document No. 69, pp.4-5).

In addition, Movants acknowledge that Rule 45(d)(3) "requires a Court for the district where compliance is required to quash or modify a subpoena." (Document No. 69, p.5). The Movants, however, do not explain why their motion to quash was filed in the United States District Court for the Western District of North Carolina, when the underlying Subpoena required an appearance and production in the Eastern District of North Carolina. See (Document No. 69, p.8). The undersigned observes that Rule 45(d)(3)(A) requires that "[o]n *timely* motion, the court for

5

the district where compliance is required must quash or modify a subpoena" under certain circumstances. Fed.R.Civ.P. 45(d)(3) (emphasis added). The pending motion was filed fourteen (14) days after the date compliance was required to be completed, and about a month after the Subpoena was served. See (Document No. 688 and Document No. 69, p.8). In short, the undersigned is not persuaded that the pending motion was *timely*, or filed in the proper Court.

The undersigned believes that these procedural defects, coupled with the Movants disregard for Local Rule 7.1 (E), are sufficient grounds to deny this motion to quash. Moreover, the State has submitted a timely and compelling "…Opposition To Sidewinder, LLC's Motion To Quash" (Document No. 71). In particular, the State persuasively notes that Sidewinder is a North Carolina corporation with a principal place of business in Lenoir, North Carolina, and has apparently continued to file annual reports with the North Carolina Secretary of State every year since 2007. (Document No. 71, pp.5, 10) (citing Document No. 71-3).

At this point, and again noting that Movants declined to file a reply, the undersigned is not convinced that Plaintiffs have violated the Federal Rules of Civil Procedure by seeking testimony and document production from a North Carolina corporation, in North Carolina. The requested discovery appears to be relevant to the underlying claims and defenses and was served more than a month before the close of discovery. Moreover, the State indicates that it had expressed a willingness to be flexible about the deposition location. (Document No. 71, p.11) (citing Document No. 71-9).

Based on the foregoing, and other arguments in the State's "…Opposition To Sidewinder, LLC's Motion To Quash" (Document No. 71) the undersigned finds that the pending motion to quash should be denied.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Quash Deposition Subpoena And To Modify Production Of Documents On Behalf Of Sidewinder, LLC" (Document No. 68) is **DENIED**. Movant Sidewinder, LLC is directed to fully comply with the Subpoena as soon as possible, but no later than **August 12, 2015**. Further extensions of the deadlines in this case are unlikely barring extraordinary circumstances.

**SO ORDERED**.

Signed: July 28, 2015

David C. Keesler
United States Magistrate Judge